NEWTOWN SQUARE EAST, L.P., c/o National Realty Corporation, Petitioner,

v.

ZONING HEARING BOARD OF NEWTOWN TOWNSHIP, Delaware County, Pennsylvania, Respondent.

Newtown Township, Intervenor.

BPG Real Estate Investors–Straw Party–1, L.P., BPG Real Estate Investors–Straw Party–II, L.P., Campus Investors Office B, L.P., Campus Investors 25, L.P., Campus Investors 1 Building, L.P., Campus Investors H Building, L.P., Campus Investors D Building, L.P., Campus Investors Cottages, L.P., Campus Investors Office 2B, L.P., Ellis Preserve Owners Assoc. Inc., Kelly Preserve Owners Assoc. Inc., Cottages at Ellis Owners Assoc. Inc., Genber/Management Campus LLC, Berwind Property Group Ltd., Executive Benefit Partnership Campus L.P., Management Partnership–Benefit and Ellis Acquisition L.P., Intervenors.

Newtown Square East, L.P., c/o National Realty Corporation, Petitioner,

v.

Zoning Hearing Board of Newtown Township, Delaware County, Pennsylvania, Respondent.

Newtown Township, Intervenor.

BPG Real Estate Investors–Straw Party–1, L.P., BPG Real Estate Investors–Straw Party–II, L.P., Campus Investors Office B, L.P., Campus Investors 25, L.P., Campus Investors 1 Building, L.P., Campus Investors H Building, L.P., Campus Investors D Building, L.P., Campus Investors Cottages, L.P., Campus Investors Office 2B, L.P., Ellis Preserve Owners Assoc. Inc., Kelly Preserve Owners Assoc. Inc., Cottages at Ellis Owners Assoc. Inc., Genber/Management Campus LLC, Berwind Property Group Ltd., Executive Benefit Partnership Campus L.P., Management Partnership–Benefit and Ellis Acquisition L.P., Intervenors.

Supreme Court of Pennsylvania.

March 25, 2013.

## ORDER

PER CURIAM.

AND NOW, this 25th day of March, 2013, the Petitions for Allowance of Appeal are **GRANTED, LIMITED TO** the issues set forth below. The issues, as stated by Petitioner, are:

1. Did the Commonwealth Court err in interpreting the MPC as authorizing a developer's Tentative Plan to designate the use of buildings by generic designation only as "residential" or "nonresidential" so as to effectively negate the MPC's due process safeguards requiring notice and a public hearing and thereby deny due process to the public and neighboring property owners?

2. Did the Commonwealth Court err in adopting a novel interpretation of MPC Section 707(4)(iv) that has no basis in the law, that conflicts with the meaning of the term "use" throughout the MPC, and that conflicts with this Court's decision in *Eves v. Zoning Board of Adjustment*, 401 Pa. 211, 164 A.2d 7 (1960)?